UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
FRANCES GORMAN

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:18-cv-00100

*Appearances:*
*For the Plaintiff*:
CHRISTOPHER J. BOWES, ESQ.
54 Cobblestone Dr.
Shoreham, NY 11786

*For the Defendant*:
SETH D. DUCHARME, ESQ.
Acting United States Attorney
Eastern District of New York
By: ARTHUR SWERDLOFF, ESQ.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Frances Gorman seeks review of the Commissioner of Social Security's denial of her application for disability insurance benefits. Both parties move for judgment on the pleadings.[1] For the following reasons, Gorman's motion should be granted, the Commissioner's motion should be denied, and the case should be remanded for further administrative proceedings.

---

[1] Gorman moves for relief under 42 U.S.C. 405(g), which authorizes the Court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

1

I.

Gorman applied for Social Security Disability benefits and Supplemental Security Income on January 9, 2014, claiming that she was disabled as of September 26, 2009. The Commissioner denied her application almost four months later, and Gorman requested a hearing before an administrative law judge ("ALJ"). On June 9, 2016, Plaintiff and her counsel attended a hearing before ALJ Patrick Kilgannon ("the ALJ"). On September 1, 2016, the ALJ held a second hearing for the purpose of examining the Commissioner's medical advisor, Dr. Louis Fuchs.

After the hearings, the ALJ determined that Gorman had the following severe impairments: "degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, degenerative joint disease of the bilateral knees, carpal tunnel syndrome of the right wrist, Parkinson's disease and obesity." AR 14. The ALJ also acknowledged that Gorman "has diminished visual acuity bilaterally, polysubstance abuse [disorder] and affective disorder" but found that these impairments were not severe. *Id*. He ultimately concluded that Gorman could perform her past relevant as a bookkeeper because she

> has the residual functional capacity to perform light work. . .except that she is limited to never climbing ladders, ropes or scaffolds; no more than occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching and crawling; no more than frequently handling, fingering, and feeling with her bilateral upper extremities; and no more than occasionally reaching overhead; and should avoid concentrated exposure to hazards.

AR at 20. The Appeals Council denied Gorman's request for review. This appeal followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

Remand is appropriate in light of two errors made by the ALJ in the calculation of Gorman's residual functional capacity.

First, the ALJ's determination that Gorman can perform "light work" failed to properly weigh the opinion of Dr. Fred M. Carter, an orthopedist who treated Gorman in 2010 and 2011. *See* AR 24; 360-369.

Dr. Carter found that Gorman could "frequently" lift up to 3 pounds, "occasionally" lift up to 10 pounds and never lift more than 15 pounds. AR 365. By contrast, "light work involves lifting no more than 20 pounds. . . with frequent lifting or carrying of objects up to 10 pounds." 40 C.F.R. § 404.1567(b). Thus, if Gorman is unable to lift at least 20 pounds, she is incapable of "light work." *See id.* ("To be

3

considered capable of a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities").

Because Dr. Carter is a treating physician, his opinion should be "given more weight than other reports and . . . will be controlling if it is 'well-supported by medically acceptable [evidence] and is not inconsistent with the other substantial evidence in [the] record.'" *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (quoting 20 C.F.R. § 404.1527(c)(2)). Further, Dr. Carter is an orthopedist, a specialization the ALJ describes as "relevant." AR 24. *See also* 40 C.F.R. 404.1527(c)(5) (noting that the Commissioner "generally [gives] more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty"). Accordingly, the ALJ should have afforded Dr. Carter's opinion "controlling weight," unless he provided a "good reason" for refusing to do so. *See Ingrassia v. Colvin*, 239 F. Supp. 3d 605, 624 (E.D.N.Y. 2017); *see also Selian*, 708 F.3d at 418 (listing factors that an ALJ must "explicitly consider" in order to override the opinion of a treating physician).

Here, the ALJ provides no such reason. The ALJ writes that Dr. Carter's opinion "is not corroborated by the objective medical evidence," because "[in] 2010, the claimant received very conservative treatment and medication, in the form of physical therapy and [Non-Steroidal Anti-Inflammatory Drugs]." AR 24. But a treating physician's choice to recommend a "conservative" course of treatment is no

4

reason to reject that physician's opinion. *See Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) ("Nor is the opinion of the treating physician to be discounted merely because he has recommended a conservative treatment regimen"). Moreover, the record reflects that Gorman "was supposed to have surgery [in 2010] but it was cancelled due to drug issues." Pl's Br. 6 (citing AR 361). As a result, it appears that Dr. Carter's choice to pursue less aggressive treatment was not entirely voluntary.

Accordingly, the Court finds that the ALJ failed to adequately support his decision to give "little weight" to Dr. Carter's opinion. "Failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand" (internal quotations omitted). *Apfel*, 177 F.3d at 133.

## IV.

Second, the ALJ erred by affording "significant weight" to the opinion of Dr. Louis Fuchs, a "medical advisor" who never examined Plaintiff and declined to hear her testimony. *See* AR 25, 897-907, 917.

As a general matter, "[the] medical opinion of a non-examining medical expert does not constitute substantial evidence and may not be accorded significant weight." *Roman v. Astrue*, 2012 WL 4566128, at *16 (E.D.N.Y. Sept. 28, 2012) (citing *Pratts v. Chater*, 94 F.3d 34, 38 (2d Cir. 1996)); *but see Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993) (permitting non-examining sources to override treating sources' opinions if the former are supported by sufficient evidence). The wisdom of this rule is especially apparent where, as here, the non-examining expert appears confused

5

about the content of the records he reviewed, as well as the identity of the claimant. *See* AR 914-15 (testifying that "the gentleman [Ms. Gorman] underwent on February 7th 2011 a left rotator cuff repair," and subsequently identifying the claimant as "Mr. Gorman" and "he"); 918-19 (misstating the specialties of the doctors whose reports he reviewed); *see also Astrue*, 2012 WL 4566128, at *17 (discounting testimony of non-examining expert who "did not appear to have a strong grasp of the administrative record").

Finally, although Dr. Fuchs admitted that there was some "diagnostic evidence" of neurological changes that could be "pain-producers," his opinion entirely failed to consider whether Gorman's pain limited her ability to work. AR at 923-24. As a result, his analysis of Gorman's condition failed to adequately consider an important aspect of the record before concluding that Gorman was medically able to work. *See Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003) ("a patient's report of [subjective] complaints. . . is an essential diagnostic tool") (citing *Flanery v. Chater*, 112 F.3d 346, 350 (8th Cir. 1997)); *see also Donato v. Sec. of the Dept. of Health and Human Services*, 721 F.2d 414, 419 (2d Cir. 1983) ("Subjective pain may serve as the basis for establishing disability, even if. . . unaccompanied by positive clinical findings or other objective evidence") (internal quotations and citations omitted). Thus, to the extent that Dr. Fuchs's report failed to consider Gorman's complaints of pain when assessing her ability to work, it was based on an incomplete medical record.

## CONCLUSION

For the foregoing reasons, Gorman's motion is GRANTED, and the Commissioner's motion is DENIED.

Because it is possible that the ALJ would have found Gorman disabled had he properly considered Dr. Carter's opinion, remand is appropriate. *Cf. Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (holding that remand was not required where there was "no reasonable likelihood that [the ALJ's] consideration of [a] doctor's report would have changed the ALJ's determination that [the] Petitioner was not disabled"); *see also Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) (deeming remand for further proceedings appropriate unless "there is no apparent basis to conclude that a more complete record might support the Commissioner's decision"). Accordingly, the case is REMANDED for further administrative proceedings consistent with this order.

**SO ORDERED.**

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 13, 2020

7